**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

BRENDA RAMOS SARAI,

Petitioner,

v.

WARDEN, et al.,

Respondents.

Case No. 1:26-cv-04945 JLT FJS

A No. 248-001-112

ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Doc. 1)

Brenda Ramos Sarai, also known as Sandra Liseth Ramos Saray,[1] entered the United States in 2021 without inspection and was apprehended by immigration officials. She now proceeds with a petition for writ of habeas corpus brought under 28 U.S.C. § 2241, challenging her prolonged detention. (Doc. 1.) This matter was initially referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition.

## I. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every

[1] Petitioner reports that her name is Sandra Liseth Ramos Saray, but during processing she was registered with an different name that has not been corrected on her official documents. (Doc. 1 at 7, 20.) As such, Petitioner used the documented name of "Brenda Ramos Sarai" on her petition pending before the Court.

individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2.) Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## II. FACTUAL BACKGROUND

Petitioner is from Guatemala. She entered the United States on September 20, 2021.[2] (Doc. 1 at 5.) On April 23, 2026, Petitioner was arrested by ICE during a vehicle stop and was taken into custody. (*Id.*) Petitioner was placed in removal proceedings and issued a Notice to Appear, charging her pursuant to §§ 212(a)(6)(A)(i) of the Immigration and Nationality Act. (Doc. 8-2 at 2.) Petitioner is detained at the California City Detention Facility. (Doc. 1 at 20.)

## III. DISCUSSION

Respondents argue that as an "applicant for admission" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2)(A), Petitioner's detention is therefore "mandatory." (Doc. 8 at 1-2.) Pursuant to *Rodriguez Vazquez v. Bostock*, —F.4th— , 2026 WL 2196424 (9th Cir. July 30, 2026), the Court finds that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See also R.P.V., v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026).

Furthermore, courts nationwide, including this one, have rejected Respondents' legal position and found the DHS policy unlawful. *See e.g., Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-

[2] Petitioner previously entered the country and voluntary returned to Mexico on August 19, 2021, and September 4, 2021. (Doc. 8-1 at 8.)

CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Therefore, the Court finds that Petitioner's detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. The Court will also require Respondents to comply with the procedures articulated in *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026), because there is no evidence that Respondents have yet obtained an administrative warrant or provided Petitioner any kind of initial custody determination.

Thus, for the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED** for the reasons stated in the orders cited above.

2. **Within 48 hours of this order**, Respondents **SHALL undertake** an initial custody determination pursuant to 8 U.S.C. § 1226(a) at which point they may either release Petitioner or continue her detention if deemed appropriate.

3. Thereafter, if Petitioner is not released, and no arrest warrant has been issued, Respondents **SHALL** immediately seek an arrest warrant. If the warrant is not granted, Respondents **SHALL** immediately release Petitioner. If a warrant is granted, within 10 days of the initial custody determination, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained.

4. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

5. At least 72 hours before the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. She **SHALL** have the right to be represented by counsel at the hearing, and she **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the

immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

6. Respondents are **ENJOINED** and **RESTRAINED** from re-arresting or re-detaining Petitioner unless Respondents provide no less than seven days' notice to Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond is considered.[3]

7. The Clerk of Court is directed to serve the California City Detention Facility with a copy of this Order.

8. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: _August 6, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE

[3] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.